# Case No. PD-0962-15

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

## NO. 09-13-00536-CR

ON APPEAL FROM THE COURT OF APPEALS FOR THE
NINTH DISTRICT OF TEXAS AT BEAUMONT

## THE STATE OF TEXAS

**v.**

## JESSICA SEKERKA SIEGEL

*Arising from:*

### Cause No. 12-03-02754-CR
IN THE 221ST DISTRICT COURT,
MONTGOMERY COUNTY, TEXAS

## STATE'S PETITION FOR DISCRETIONARY REVIEW

**BRETT W. LIGON**
District Attorney
Montgomery County, Texas

**TIANA JEAN SANFORD**
Assistant District Attorney

**JASON LARMAN**
Assistant District Attorney
Montgomery County, Texas
T.B.C. No. 24072468
207 W. Phillips, Second Floor
Conroe, Texas 77301
936-539-7800
jason.larman@mctx.org

RECEIVED IN
COURT OF CRIMINAL APPEALS

August 25, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 68.4, the State hereby lists all parties to the trial court's judgment:

District Attorney:

> **BRETT W. LIGON**
> District Attorney
> Montgomery County, Texas
> 207 W. Phillips, Second Floor
> Conroe, Texas 77301

Counsel for the State in the trial court:

> **TIANA JEAN SANFORD**
> **JASON LARMAN**
> Assistant District Attorneys
> Montgomery County, Texas
> 207 W. Phillips, Second Floor
> Conroe, Texas 77301

Counsel for the State in the appellate court:

> **JASON LARMAN**
> Assistant District Attorney
> Montgomery County, Texas
> 207 W. Phillips, Second Floor
> Conroe, Texas 77301

Counsel for the appellant in the trial court:

> **JARROD WALKER**
> 301 N. Thompson
> Conroe, Texas 77301

Counsel for the appellant in the appellate court:

> **RICHARD MARTIN P. CANLAS**
> 300 West Davis, Suite 560
> Conroe, Texas 77301

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .......................................................... ii

TABLE OF CONTENTS ................................................................................ iii

INDEX OF AUTHORITIES ............................................................................ iii

STATEMENT REGARDING ORAL ARGUMENT ................................................. 1

STATEMENT OF THE CASE ........................................................................... 1

GROUND FOR REVIEW ................................................................................ 2

STATEMENT OF FACTS ............................................................................... 2

ARGUMENT ............................................................................................... 3

    The court of appeals adopted a definition of "makes" that is far too narrow. ............................................................................................... 3

CONCLUSION AND PRAYER ......................................................................... 6

CERTIFICATE OF COMPLIANCE WITH RULE 9.4 ............................................. 7

CERTIFICATE OF SERVICE ........................................................................... 7

# INDEX OF AUTHORITIES

**Cases**

*Constructors Unlimited Inc. v. State*, 717 S.W.2d 169
   (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd) ................................................. 4

*Ex parte Graves*, 436 S.W.3d 395 (Tex. App.—Texarkana 2014, pet. ref'd) ........ 4, 5

*Pokladnik v. State*, 876 S.W.2d 525 (Tex. App.—Dallas 1994, no pet.) ................... 4

**Statutes**

Tex. Penal Code Ann. § 37.10 (West Supp. 2014) ................................................. 3

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

## STATEMENT REGARDING ORAL ARGUMENT

The State believes oral argument is necessary because this case presents an undecided issue of important Texas law.

## STATEMENT OF THE CASE

The appellant was charged by two separate indictments with the offense of tampering with a governmental record related to conduct occurring on March 9, 2012. The cases were tried in a single proceeding; the appellant entered a plea of not guilty, but the jury found her guilty. The jury assessed her punishment at two years confinement in a state jail facility, but recommended that the sentence be suspended and that the appellant be placed on community supervision. The trial court sentenced the appellant in accordance with the jury's verdict, suspended the sentence, and placed the appellant on community supervision for a period of four years.

The Ninth Court of Appeals found that the evidence was legally insufficient, reversed the appellant's conviction, and rendered a judgment of acquittal. *See Siegel v. State*, No. 09-13-00536-CR, 2015 WL 3897860, at *3 (Tex. App.—Beaumont June 24, 2015, no. pet. h.).

1

## GROUND FOR REVIEW

The court of appeals erred in concluding that the evidence was insufficient to support the appellant's conviction because it adopted too narrow of a meaning for the term "makes," as used in Texas Penal Code § 37.10(a)(1).

## STATEMENT OF FACTS

On December 19, 2011, the appellant filed an application to appear on the 2012 Republican Party primary ballot as a candidate for the office of judge of the 418th District Court of Montgomery County, Texas (R.R. 8: State's ex. 14). On that application, the appellant asserted that she had resided continuously in Montgomery County for one year prior to that date (R.R. 8: State's ex. 14).[1] That application was refused because it failed to satisfy the requirement that she live continuously in Montgomery County for two years before the general election in November of 2012. Due to redistricting efforts, the deadline for filing an application was subsequently extended to March 9, 2012.

On March 9, 2012, the appellant returned to the Montgomery County Republican Party Headquarters and again filed an application to appear on the

---

[1] The appellant was charged by a separate indictment with the offense of tampering with a governmental record for allegedly false statements related to her period of residency contained in the December 19th application, and she was tried in a single proceeding for both indictments. The jury found her not guilty of the offense alleged to have occurred on or about December 19, 2011.

primary ballot. This application indicated that the appellant had lived in Montgomery County for the preceding one year and five months (R.R. 8: State's ex. 15). Because the appellant did not live or work in Montgomery County during that period of time, and lived in Harris County until after she leased an apartment in Montgomery County beginning February 5, 2012, that assertion was false (R.R. 4: 18-25).

## ARGUMENT

**THE COURT OF APPEALS ADOPTED A DEFINITION OF "MAKES" THAT IS FAR TOO NARROW.**

As charged in the present indictment, a person commits the offense of tampering with a governmental record if, with the intent to harm or defraud another, the person knowingly makes a false entry in a governmental record. *See* Tex. Penal Code Ann. § 37.10 (West Supp. 2014).

The court of appeals held that the evidence was insufficient because, at the moment the appellant wrote false information on the application, it was not a governmental record. In reaching its conclusion, the court of appeals focused exclusively on the status of the document containing the false statement at the moment the false statement was written. Certainly, by writing a false statement on a governmental record, a person "makes a false entry in a governmental record." But that does not mean the person who makes a false statement in an application and files that application with government does not also make a false entry in a

3

governmental record. In even the most simplistic of terms, the actor's conduct in the latter scenario has created a false entry in a governmental record that did not previously exist.

Admittedly, the court of appeals relied on several other opinions from courts of appeals that reached similar conclusions and found the evidence to be insufficient to support a conviction under section 37.10(a)(1) when the false statement is written on an application or other document before it is received by government. *See Ex parte Graves*, 436 S.W.3d 395, 398 (Tex. App.—Texarkana 2014, pet. ref'd); *Pokladnik v. State*, 876 S.W.2d 525, 527 (Tex. App.—Dallas 1994, no pet.); *Constructors Unlimited Inc. v. State*, 717 S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

Assuming that the reasoning of the cases relied on by the court of appeals is correct, those cases are distinguishable from the instant case. In *Pokladnik*, the documents were never filed with any governmental agency, and thus, no false entry ever appeared in a governmental record. *See Pokladnik*, 876 S.W.2d at 527 ("In short, no government entity ever put its hands on these documents"). In *Constructors Unlimited*, the defendant, who was the president of a general contracting company, submitted an invoice containing a false statement regarding whether the subcontractors had been paid in full. *Constructors Unlimited Inc.*, 717 S.W.2d at 172. The invoice itself was ultimately submitted to government, but was

4

found not to be a governmental record at the time of the false entry. *Id.* There was no evidence that it ever resulted in any other false entries in a governmental record. *Id.* at 174. Similarly, in *Graves*, the State conceded that the records were not a governmental record at the time the false entries were made and presented no evidence that the false information from the form resulted in the creation of a false entry in any governmental record. *See Graves*, 436 S.W.3d at 398.

But the instant case is different. The appellant's conduct resulted in a false entry in a governmental record beyond the act of writing the false statement on the application. The application in this case was filed with the office of the Republican Party and used to determine the appellant's eligibility, and as a result, the appellant was falsely listed as an eligible candidate on the Republican Party primary ballot (R.R. 4: 53). The definition of a governmental record includes both election records and records required by law to be kept for information of government. *See* Tex. Penal Code Ann. § 37.01 (West Supp. 2014). The appellant's conduct caused to exist a false statement in a governmental record that would not have otherwise existed. Therefore, the appellant "made a false entry in a governmental record." By artificially restricting the meaning of "makes" to apply only to the direct action by a person who has physical possession of a governmental record, the court of appeals unnecessarily excluded conduct that results deliberately but indirectly in the creation of a false entry in a governmental record. Accordingly, this Court

5

should grant the State's petition for discretionary review and reverse the opinion issued by the court of appeals.

## CONCLUSION AND PRAYER

It is respectfully submitted that the judgment of the Ninth Court of Appeals is in error and that this Court should exercise its powers of discretionary review to correct that error.

**BRETT W. LIGON**
District Attorney
Montgomery County, Texas

*/s/Jason Larman*
**JASON LARMAN**
T.B.C. No. 24072468
Assistant District Attorney
Montgomery County, Texas
207 W. Phillips, Second Floor
Conroe, Texas 77301
936-539-7800
936-788-8395 (FAX)
jason.larman@mctx.org

**CERTIFICATE OF COMPLIANCE WITH RULE 9.4**

I hereby certify that this document complies with the requirements of Tex. R. App. P. 9.4(i)(2)(D) because there are <u>993</u> words in this document, excluding the portions of the document excepted from the word count under Rule 9.4(i)(1), as calculated by the Microsoft Word computer program used to prepare it.

<u>/s/Jason Larman</u>
**JASON LARMAN**
Assistant District Attorney
Montgomery County, Texas

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was mailed to counsel for the appellant on the date of the submission of the original to the Clerk of this Court.

<u>/s/Jason Larman</u>
**JASON LARMAN**
Assistant District Attorney
Montgomery County, Texas

Print this page

# Case # PD-0962-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 08/20/2015 03:37:53 PM |
| Case Number | PD-0962-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Jason Larman |
| Firm Name | Montgomery County District Attorney's Office |
| Filed By | Jason Larman |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Exempt filings |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | State's PDR in State v. Siegel |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 08/25/2015 03:48:08 | The petition for discretionary review does not contain a copy of the court of appeals opinion [Rule 68.4(j)]. You have ten days to tender a corrected petition for |

PM discretionary review.

## Documents

| | | |
|---|---|---|
| *Lead Document* | siegeljessica.pdr.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Richard Martin P. Canlas<br>r.canlas.esquire@gmail.com | | EServe | Sent | Yes | 08/20/2015<br>03:56:01 PM |
| State Prosecuting Attorney<br>information@spa.texas.gov | | EServe | Sent | Yes | 08/20/2015<br>04:10:17 PM |